IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TCM CORPORATION,<br>　　　　Plaintiff,<br><br>v.<br><br>M/V RICKMERS ANTWERP, her engines,<br>tackle, boilers, etc.<br><br>v.<br><br>ANTWERP NAV. CO. LTD. and<br>RICKMERS LINIE GMBH & CIE KG,<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§　C.A. NO. _____<br>§　Admiralty Rule 9(h)<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## COMPLAINT

1.  Plaintiff, TCM Corporation, ("TCM") by its attorneys, Hill Rivkins & Hayden LLP, complaining of Antwerp Nav. Co. Ltd. ("Antwerp") and Rickmers Linie GmbH & Cie KG ("Rickmers"), alleges upon information and belief:

### A.

2.  This is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

### B.

3.  At and during all the times hereinafter mentioned, TCM was the shipper and owner of the cargo in question and brings this action on its own behalf and on behalf of all who may become interested in the cargo. TCM had and now has the legal status and principal office and place of business stated in Schedule A attached.

**C.**

4.   At and during all the times hereinafter mentioned, Antwerp and Rickmers had and now have the legal status and offices and places of business stated in Schedule A. They were, and now are, engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and controlled the above-named vessel which now is, or will be, within the jurisdiction of this Court during the pendency of this action.

**D.**

5.   On or about May 13, 2008, at the port of Kobe, Japan, the M/V Rickmers Antwerp and defendants received, in good order and condition, the shipment described in Schedule A, which the vessel and defendants accepted and agreed to transport for certain consideration to the Port of Houston, Texas, and subsequently to the port of Tomas de Castilla, Guatemala.

**E.**

6.   Thereafter, the vessel arrived at the Port of Houston, where the cargo was found physically damaged and/or sustained damage after discharge while in the care, custody, and control of defendants. On information and belief, defendants breached, failed and violated their duties and obligations as common carriers and were otherwise at fault.

**F.**

7.   Plaintiff further alleges, in the alternative and without waiving the above cause of action, that all defendants were bailees of plaintiff's cargo described in Schedule A. Defendants delivered the cargo described in Schedule A in a damaged condition which did not exist at the time of plaintiff's/bailor's delivery to the bailee as described in

Schedule A. Defendants breached their duties and obligations as bailees and were negligent.

**G.**

8. Plaintiff was the shipper, consignee and/or owner of the shipment and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

**H.**

9. Plaintiff has duly performed all duties and obligations on its part to be performed.

**I.**

10. By reason of the above-stated premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of ONE HUNDRED SIXTY THOUSAND AND NO/100 DOLLARS ($160,000.00).

**J.**

11. All and singular the premises are true and within the admiralty, maritime, and pendent jurisdiction of the United States and of this Honorable Court.

Plaintiff prays:

1. That summons in due form of law may issue against defendants;

2. That a judgment may be entered in favor of plaintiff against defendants, one or more of them, for the amount of plaintiff's damages together with interest and the costs and disbursements of this action;

3. That process in due form of law according to the practice of this court in causes of admiralty or maritime jurisdiction may issue against said the vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters stated, and this court will be pleased to pronounce a judgment in favor of plaintiff for damages together with interest, costs and disbursements, and the motor vessel may be condemned and sold to pay therefor; and

4. That this court will grant to plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

*Sara Banks*

STEVEN P. VANGEL
SDTX I.D. No.: 4065
Texas Bar No.: 13057830
ROBERT G. MOLL
SDTX I.D. No.: 15213
Texas Bar No.: 000784622
SARA M. BANKS
SDTX I.D. No. 959003
Texas Bar No. 24064861
HILL RIVKINS & HAYDEN LLP
712 Main Street, Suite 1515
Houston, Texas 77002
Telephone:   (713) 222-1515
Direct Line: (713) 457-2286
Telefax:     (713) 222-1359
E-mail: svangel@hillrivkins.com
E-mail: rmoll@hillrivkins.com
E-mail: sbanks@hillrivkins.com

ATTORNEYS FOR PLAINTIFF
TCM CORPORATION

## VERIFICATION

THE STATE OF TEXAS     *
    *
COUNTY OF HARRIS     *

Sara M. Banks, being duly sworn, deposes and says:

I am an attorney and associate with the firm of Hill Rivkins & Hayden LLP, attorneys for Plaintiff. I am over twenty-one (21) years of age and fully competent to make this Verification. I have read the foregoing Complaint and know its contents. The Complaint is true to my knowledge, except as to the matters stated in the Complaint to be based on information and belief, and as to those matters, I believe them to be true.

The reason this Verification is made by me and not by Plaintiff is that Plaintiff is a corporation, none of whose officers are now within this District.

The source of my information and the grounds for my belief as to those matters stated in the Complaint, to be alleged on information and belief, are documents and records in my files.

_____
Sara M. Banks

Subscribed and sworn to before me, the undersigned authority, this 2nd day of July 2009.

_____
Notary Public, State of Texas
My Commission Expires 3/26/2012

[Notary Seal: ROSA LANDIN, MY COMMISSION EXPIRES March 26, 2012]

5

## SCHEDULE A

## LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES

Plaintiff, **TCM Corporation,** was and now is a foreign corporation with an office and place of business at:

15-4 Nishi-Shimbashi 1-chome
Minato-ku, Tokyo 105-0003, Japan

**M/V Rickmers Antwerp,** was at all material times a general cargo vessel sailing under the flag of the Marshall Islands. The vessel was built in 1986, its call sign is 9HTE8, and its gross tonnage is 24,646 tons.

Defendant, **Antwerp Nav. Co. Ltd.,** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made in Texas, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home office at:

Ajeltake Island Ajeltake Rooad
Majuro
MH96960 / Marshall Islands

Defendant, **Rickmers Linie GmbH & Cie KG,** was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, who may be served through its U.S. agent, Rickmers-Linie (America), Inc. at:

350 Glenborough Drive #180
Houston, Texas 77067

## **DESCRIPTION OF SHIPMENT**

| | |
|---|---|
| Vessel: | M/V Rickmers Antwerp |
| Date of Shipment: | May 13, 2008 |
| Port of Shipment: | Kobe, Japan |
| Port of Discharge: | Houston, Texas; Tomas de Castilla, Guatemala |
| Shipper: | TCM Corporation |
| Consignee: | Banco de Desarrollo Rural S.A. Bannural Guatemala |
| Description of Shipment: | TCM Forklifts and Booms |
| Nature of Loss or Damage: | Physical damage |
| Amount: | $160,000.00 |